**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANGELA MORGAN, individually and
on behalf of all others similarly situated,

     Plaintiff,                    CASE NO.:

v.

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD d/b/a UNIVERSAL
ORLANDO RESORTS,

     Defendant.

_____/

## CLASS ACTION COMPLAINT

1.  Plaintiff, ANGELA MORGAN, individually and on behalf of all others similarly situated, alleges Universal City Development Partners, Ltd., d/b/a Universal Orlando Resorts ("Universal Orlando")  robo-called her numerous times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2.     If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today and the defendant's conduct in this case is a good reason why.

3.     The TCPA was enacted to prevent companies like Universal Orlando from invading American citizens' privacy and prevent illegal robocalls.

4.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of

protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

5.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).  As will be illustrated in this case, despite being told to stop calling, these defendants refused to do so.

6.     According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.   These type of damages are the same shared by the Plaintiff and the class members.

## JURISDICTION AND VENUE

7.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

8.     The alleged violations described in the Complaint were committed by a corporation that resides and is located in Orlando, Florida with its principal place of business in Orlando, Florida.

## **FACTUAL ALLEGATIONS**

9.      Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Athens, Tennessee.

10.     Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11.     Defendant is a corporation with its principal place of business in Orlando, Florida and conducts business in the State of Florida.

12.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) 223-2301.

13.     Plaintiff was the "called party" during each phone call subject to this lawsuit. .

14.     On or about December 28, 2017, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant. Because Plaintiff has no prior business or other relationship with Defendant, the Defendant never had express consent to place any calls to Plaintiff's cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

15.     Plaintiff answered a call from Defendant and demanded that Defendant stop calling her aforementioned cellular telephone number.

16.     During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

17.     Defendant made calls to Plaintiff from the numbers (407) 224-5544 and (407) 224-2512 on December 28, 2017, January 3, 2018, January 8, 2018, January 12, 2018, January 23, 2018 and January 24, 2018.

18.     Each call Defendants made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

19.     Defendants have recorded at least one conversation with the Plaintiff.

20.     Despite actual knowledge of their wrongdoing, and knowing they did not have Plaintiff's consent, the Defendants continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number.

21.     Defendant made at least one call to (407) 223-2301 using an "automatic telephone dialing system" (ATDS).

22.     Defendant made numerous calls to (407) 223-2301 using an ATDS.

23.     Each call the Defendant made to (407) 223-2301 in the last four years was made using an ATDS.

24.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

25.     Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

26.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

27.     Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

28.     Defendants' phone calls harmed Plaintiff by wasting her time, trespassed on her phone, invaded her privacy as well as caused aggravation and inconvenience.

29.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendants' phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

30.     Defendant has made approximately fourteen (14) calls to Plaintiff's aforementioned cellular telephone number from in or about December 2017 through at least January 2018.

31.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

32.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

33.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

34.     Defendant's phone calls harmed Plaintiff by wasting her time.

35.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

36.     Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

37.     Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

38.     Defendant made calls to Plaintiff twice a day, exactly one hour apart which supports use of a specific calling campaign by an automatic telephone dialing system.

39.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

41.     Defendant violated the TCPA with respect to the Plaintiff and members of the class.

42.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff and the members of the class.

## COUNT I
### (Violation of the TCPA)

43.     Plaintiff incorporates Paragraphs one (1) through forty-two (42).

44.     Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff without having express consent to place such calls using an ATDS or pre-recorded voice.

45.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked any consent the Defendant mistakenly believed it had to being called by them using an ATDS or pre-recorded voice.

46.     Defendant repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

47.     As a result of Defendant's illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

48.     Plaintiff and class members are also entitled to, and does, seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## CLASS ALLEGATIONS

49.     Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein.  Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

50.     In this case, Plaintiff seeks to certify the class, subject to amendment, as follows:

Universal Orlando Resorts TCPA Class consists of:

(1) All persons in the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Universal Orlando did not have express consent to call said cellular telephone number.

And the following sub-class:

(1) All persons in the United States (2) to whose cellular telephone number (3) Defendants placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone

Plaintiff (5) within 4 years of the complaint and (6) after that person told Defendant or its agent to stop calling.

51.     Defendant has caused the Class actual harm, not only because the Class was subjected to the aggravation that necessarily accompanies these calls, but also because said members frequently have to pay their cell phone service providers for the receipt of such calls.

52.     These calls are also an intrusion upon seclusion, trespassed on their telephones, diminish cellular battery life, and waste of Plaintiff's and the class member's time.

53.     Plaintiff represents and is a member of the Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

54.     Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and scope of Defendants' business, Plaintiff reasonably believes that the class members' number at a minimum in the thousands based on the use of software to make the calls and Defendants' history of failing to comply with the TCPA.

55.     Plaintiff and all members of the Class have been harmed by Defendants' actions.

56.     This Class Action Complaint seeks money damages and injunctive relief.

57.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

58.     The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Defendants.

59.     There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

(1) Whether Defendants engaged in a pattern of using an ATDS to place calls to cellular telephones without the prior express consent of the called party;

(2) Whether Defendants' conduct was knowing or willful; and

(3) Whether Defendants' actions violated the TCPA.

60.     As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.

61.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

62.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

63.     A class action is the superior method for the fair and efficient adjudication of this controversy.

64.     Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA is small.

65.     Management of these claims is likely to present significantly fewer difficulties than

are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

66.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

67.     Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.


WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and favor of the Class, and against Defendants for:

a.     A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.     An injunction requiring Defendant not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called now or when Plaintiff obtains additional telephone numbers in the future;

c.     An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called in the future;

d.     An injunction requiring Defendant not to call any third parties or numbers that were skip traced to ensure that class members are not called if they obtain additional telephone numbers in the future;

e.      An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that class members are not called in the future;

f.      An award of actual damages in an amount to be proven at trial;

g.      An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

h.      An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

i.      An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

j.      An award of Plaintiff's attorneys' fees, litigation expenses and costs of suit; and

k.      Such further and other relief the Court deems reasonable and just.

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2019, a true copy of the foregoing was filed with the Clerk of the Court and served on the parties of record using the CM/ECF system.

Respectfully submitted,

*/s/ Heather H. Jones*
Heather H. Jones, Esq.
Florida Bar No. 0118974
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, FL  33629
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com


*/s/ Keith Keogh*
Keith Keogh
Florida Bar No.  126335
**Keogh Law, Ltd.**
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone:  (312) 726-1092
Facsimile:  (312) 726-1093
Keith@Keoghlaw.com

*Attorneys for Plaintiff*

12